UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-737-JLS-MAA                                             Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

  Before the Court is a Motion to Remand filed by Plaintiff Ronald Allen M. Calangi.  (Mot., Doc. 12.)  Defendants Providence Health and Services, Providence Health and Services Washington, Providence Health and Services Montana, Providence Health and Services Oregon (collectively "Providence"), Angel Paladino, and Jamie Flores opposed.  (Opp., Doc. 14.)  Plaintiff replied.  (Reply, Doc. 17.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for March 28, 2025 at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Plaintiff's Motion.

I.      **BACKGROUND**

  On October 1, 2024, Plaintiff initiated this action in Los Angeles County Superior Court against his former employer, Providence, Angel Paladino, Jamie Flores, Amanda Short, and Does 1 to 100 (collectively "Defendants").  (Compl. ¶ 2, Doc. 1-5.)  Plaintiff asserts 13 state-law claims based on Defendants' alleged acts of age and disability discrimination, retaliation, and wrongful termination.  (*Id.* ¶¶ 22–105.)  Plaintiff alleges that he "has suffered and will suffer psychological and emotional distress, humiliation, and mental physical pain and anguish" as a result of Defendants' actions.  (*Id.* ¶ 18.)  For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-737-JLS-MAA                                    Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

relief, Plaintiff seeks "lost wages, overtime, unpaid expenses, and penalties"; emotional distress damages; punitive damages; interest on the sum of damages; attorneys' fees; and costs.  (*Id.* ¶¶ 17–20; Prayer for Relief, Compl. at 30.)  The Complaint alleges that (1) "[t]he amount demanded exceeds $35,000", and (2) Plaintiff and all three individual Defendants—Paladino, Flores, and Short—are residents of California.  (Compl. ¶¶ 1–2.)

On January 28, 2025, Providence removed the case to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  (Notice of Removal ("NOR") ¶ 1, Doc. 1.)  The Notice of Removal asserts that the amount in controversy exceeds $75,000, noting that Plaintiff stands to recover at least $278,730 in back wages from November 19, 2022 (the day after his employment termination) to January 28, 2025 (the day the Notice of Removal was filed).  (*Id.* ¶ 45.)  As to the diversity of the parties, the Notice of Removal states that Plaintiff is a citizen of California; Providence is a citizen of Washington, Oregon, and Montana; Paladino is a citizen of Oregon; Flores is a citizen of Arizona; and Short is a citizen of Pennsylvania.  (*Id.* ¶¶ 33–41.)  According to Providence, removal was timely because the Complaint was not facially removable and Providence removed the case within 30 days of learning that Short was a citizen of Pennsylvania.  (*Id.* ¶¶ 29–30.)  Providence asserts that while it had "previously learned" that Paladino and Flores were citizens of states other than California, (Opp. at 8), Providence did not discover that Short resided in Pennsylvania and intended to remain there until January 9, 2025[1]—when counsel for Providence and counsel for Short conferred over the phone.  (Hammond Decl. ¶ 3.)  On January 22, 2025, Providence received a copy of Short's current driver's license, which confirmed that Short currently resides in Pennsylvania.  (*Id.*)

---

[1] Though Defendants' Opposition states that Providence did not learn that Short resided in a state other than California until January 22, 2025, (Opp. at 7), the Notice of Removal and the declaration submitted by Defendants' counsel in support of their Opposition indicate that Providence first learned this information on January 9, 2025 and later received a copy of Short's driver's license on January 22, 2025.  (NOR ¶ 30; Hammond Decl. ¶ 3, Doc. 14-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-737-JLS-MAA                                     Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

On February 27, 2025, Plaintiff moved to remand the case to state court.  (Mot.)  Plaintiff does not dispute that the parties are completely diverse.  Plaintiff argues only that (1) removal was untimely because Providence did not file the Notice of Removal within 30 days of its receipt of the Complaint and because Providence "intentionally delay[ed]" its efforts to discover Short's citizenship; and (2) removal was improper because the amount in controversy does not exceed $75,000.  (*Id.* at 13–19.)

## II.   LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  However, courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "[T]he defendant always has the burden of establishing that removal is proper."  *Id.*

Generally, a notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  But "[i]f the case stated by the initial pleading is not removable," then a notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case."  *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'"  *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The second thirty-day

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-737-JLS-MAA                                         Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (cleaned up). However, these "two 30-day periods are not the exclusive periods for removal." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).  "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Id.*

### III.    DISCUSSION

####    A.    **Timeliness of Removal**

The Court rejects Plaintiff's contention that removal was untimely.  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

The Complaint here alleged that Plaintiff is and has been a resident of California at all times relevant to this action and that Defendants Paladino, Flores, and Short are also residents of California.  (Compl. ¶¶ 1–2.)  As a result, it was not clear from the face of the Complaint that the parties were completely diverse.  The Complaint therefore did not trigger the 30-day removal period.  28 U.S.C. § 1446(b)(1).

Providence asserts that while it had previously known that Flores and Paladino were not citizens of California, (Opp. at 7), Providence did not know that Short did not reside in California until January 9, 2025—when Providence learned that Short in fact resided in Pennsylvania and intended to remain there.  (NOR ¶ 29; Hammond Decl. ¶ 3.) Plaintiff proffers no evidence suggesting that Providence knew that Short resided in Pennsylvania before January 9, 2025.  Rather, Plaintiff contends that Providence had an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-737-JLS-MAA                                        Date: March 25, 2025
Title: Ronald Allen M. Calangi v. Providence Health & Services et al

"opportunity to investigate" the facts relevant to Short's citizenship and "strategic[ally] delay[ed]" its investigation of those facts. (Mot. at 14; Reply at 4.) But "[t]he clocks for the removal deadlines under section 1446(b) begin running upon defendant's receipt of a document from the plaintiff or the state court — not by any action of defendant." *Solis v. Nissan N. Am. Inc.*, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (internal quotations and citation omitted). "Even if a defendant 'could have' demonstrated removability earlier based on its knowledge beyond the pleadings, it is not 'obligated to do so.'" *Id.* (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)). As Plaintiff points to no "amended pleading, motion, order or other paper" from which Providence could have ascertained that the parties were completely diverse earlier than January 9, 2025, the Court concludes that Providence's removal of this case was timely. 28 U.S.C. § 1446(b)(3).

   **B.     Propriety of Removal**

As noted above, to fall within this Court's diversity jurisdiction, an action must be between citizens of different states and have an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). The Court finds—and there is no dispute—that the parties are completely diverse in this case. (*See* NOR ¶¶ 31–41.) Plaintiff contests only whether the amount-in-controversy requirement is met. (Mot. at 17–21.)

"A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where, as here, the defendant's amount-in-controversy allegation is contested by the plaintiff, the defendant bears the burden of proving by a "preponderance of the evidence" that the amount in controversy exceeds $75,000. *Dart Cherokee*, 574 U.S. at 87–88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-737-JLS-MAA                                    Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

     To support their amount-in-controversy calculation, Defendants provide the declaration of Mike Cole, who serves as "Chief Human Resources Officer Finance and Culture" for Providence Health and Services Washington.  (Cole Decl. ¶ 1, Doc. 1-3.)  The Cole Declaration states that Plaintiff's "gross earnings from the beginning of January 2022 to the pay period ending November 19, 2022 totaled $110,061.49", which amounts to approximately $2,445 per week.  (*Id*. ¶ 9; NOR ¶ 45.)  Thus, based on Plaintiff's earnings in the last 10.5 months of his employment, Defendants estimate that Plaintiff seeks at least $278,730 ($2,445 × 114 weeks) in lost wages from the date of his termination, November 18, 2022, through the date of removal, January 28, 2025.  (*Id.*; Opp. at 13.)

     Plaintiff counters that Defendants' estimate of lost wages is "speculative" because it "does not take into account the fact that plaintiff has been disabled and unable to work since his employment was terminated and that his disability limits plaintiff's back wages claim to $0."  (Mot. at 18.)  The Court is unpersuaded.  As Defendants point out, this argument runs contrary to several of the Complaint's allegations, including that Defendants' placement of Plaintiff on administrative leave was "warrantless" and that Plaintiff "has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties[.]"  (Opp. at 13–15 (quoting Compl. ¶¶ 15(g), 17).)  Plaintiff makes no attempt to reconcile these contradictions in his response to Defendants' opposition.  (*See generally* Reply.)

     Beyond the roughly $278,730 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorneys' fees.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–35 (N.D. Cal. 2002) (considering emotional distress damages, punitive damages, and attorneys' fees in determining the amount in controversy in FEHA case).  The Court finds that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-737-JLS-MAA                              Date: March 25, 2025
Title:  Ronald Allen M. Calangi v. Providence Health & Services et al

damages, taken together, well-exceed $75,000.  Accordingly, the amount-in-controversy requirement is satisfied, and thus removal was proper.

### IV.      CONCLUSION

For the above reasons, Plaintiff's Motion to Remand is DENIED.

Initials of Deputy Clerk: kd